**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-4079**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JUSTIN MICHAEL ISAAC, a/k/a Cali,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Arenda L. Wright Allen, District Judge.  (2:18-cr-00158-AWA-DEM-5)

_____

Submitted:  August 25, 2022                    Decided:  September 7, 2022

_____

Before NIEMEYER and THACKER, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed in part and dismissed in part by unpublished per curiam opinion.

_____

Laura Pellatiro Tayman, LAURA P. TAYMAN, PLLC, Newport News, Virginia, for Appellant.  Jacqueline Romy Bechara, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia; Darryl James Mitchell, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Justin Michael Isaac appeals his conviction and 168-month sentence imposed following his guilty plea to conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine and 400 grams or more of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846.  The Government moves to dismiss the appeal based on the appeal waiver contained in Isaac's plea agreement, pursuant to which Isaac agreed to waive his right to appeal any sentence within the statutory maximum.  Isaac's counsel has filed a response pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the validity of Isaac's guilty plea.  Isaac has filed a pro se supplemental brief, claiming that he was promised a lower sentence and that the drug weight used for calculating his Sentencing Guidelines range unfairly included conduct for which he was not charged.  We affirm in part and dismiss in part.

Initially, an appeal waiver does not prevent a defendant from challenging the validity of his guilty plea.  *United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018).  Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines he understands, the rights he is relinquishing by pleading guilty, the charge to which he is pleading, and the maximum and mandatory minimum penalties he faces.  Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991).  The court also must ensure that the plea is voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3).  Because Isaac did not move to withdraw his plea in the district court, we review the

2

adequacy of the plea colloquy for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016).

In his pro se brief, Isaac appears to argue that his guilty plea was induced by a promise—not contained in the plea agreement—that he would receive a sentence of no more than 10 years. However, Isaac identifies nothing in the record to substantiate this claim. Moreover, at the Rule 11 hearing, Isaac confirmed his understanding that he could receive a sentence of up to life imprisonment and that his plea was not the result of threats or outside promises. For these reasons, and based on our independent review of the record, we conclude that Isaac's guilty plea was knowing, voluntary, and supported by an independent basis in fact.

Turning to the appeal waiver, we review the validity of an appellate waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). A waiver is valid if it is "knowing and voluntary." *Id.* To determine whether a waiver is knowing and voluntary, "we consider the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *McCoy*, 895 F.3d at 362 (internal quotation marks omitted). "Generally . . . , if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted). Our review of the record confirms that Isaac knowingly and voluntarily waived his right to appeal. We therefore conclude that the waiver is valid.

Even so, we will not enforce a valid appeal waiver if the Government breached its obligations under the plea agreement. *United States v. Lewis*, 633 F.3d 262, 271 n.8 (4th Cir. 2011). In his pro se brief, Isaac appears to claim that his plea agreement was materially breached because the drug weight used for his Guidelines calculation included a controlled substance that was not part of the charge to which he pled guilty. However, nothing in the plea agreement prohibited the district court from considering relevant but uncharged conduct, and, moreover, the magistrate judge clearly confirmed Isaac's understanding that his sentence could be based on more than just the minimum conduct necessary to establish the charged offense. Thus, we reject Isaac's argument.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal that fall outside of the scope of the waiver. Accordingly, we grant the Government's motion to dismiss as to those issues falling within the waiver's scope, and we affirm the remainder of the district court's judgment. This court requires that counsel inform Isaac, in writing, of the right to petition the Supreme Court of the United States for further review. If Isaac requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Isaac.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART;*
*DISMISSED IN PART*