# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District |
|---|---|
| Name (under which you were convicted): Justin Michael Isaac | Docket or Case No.: 2:18-CR 158-AWA-DEM-5 |
| Place of Confinement: Federal Correctional Institution Lompoc, CA | Prisoner No.: 77516-112 |
| UNITED STATES OF AMERICA v. Justin Isaac | Movant (include name under which you were convicted) |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____
   Eastern District of Virginia
   Norfolk, VA

   (b) Criminal docket or case number (if you know): 2:18-CR-158-AWA-DEM-5

2. (a) Date of the judgment of conviction (if you know): August 14, 2019

   (b) Date of sentencing: January 29, 2021

3. Length of sentence: 168 Months

4. Nature of crime (all counts): Conspiracy to distribute and posses with intent to distribute 5 kilograms or more of cocaine and 400 grams or more of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846.

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐   (2) Guilty ☒   (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? _____

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☐   Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☒
8. Did you appeal from the judgment of conviction?   Yes ☐   No ☐
9. If you did appeal, answer the following:
    (a) Name of court: __U.S. Court of Appeals for the Fourth Circuit__
    (b) Docket or case number (if you know): __21-4079__
    (c) Result: __Affirmed in part, dismissed in part__
    (d) Date of result (if you know): __September 7, 2022__
    (e) Citation to the case (if you know): __2022 U.S. App. LEXIS 25065 (4th Cir. 2022)__
    (f) Grounds raised: __Breach of plea agreement for unfairly calculated sentencing range based upon uncharged conduct.__

    (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☒
        If "Yes," answer the following:
        (1) Docket or case number (if you know): _____
        (2) Result: _____
        (3) Date of result (if you know): _____
        (4) Citation to the case (if you know): _____
        (5) Grounds raised: _____

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?
    Yes ☐   No ☐
11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: _____
        (2) Docket or case number (if you know): _____
        (3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❑   No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❑   No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:   Yes ❑   No ❑

(2) Second petition:   Yes ❑   No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _____

_____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

GROUND ONE: <u>Ineffective Assistance of Counsel in violation of the Sixth Amendment. Counsel failed to inform the Court of factual findings, inducement</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
<u>Counsel failed to notify the Court that Isaac's plea agreement and/or contract was the product of misconduct because it was engineered and executed as a misleading device intented to defraud the defendant, the Court, and the public's interest in justice - As noted from the off the record electronic communications between prior attorney Brian Latuga and AUSA Darryl Mitchell. (b) Failed to present evidence of inducement on behalf of his client and failed to modify his theory of the pre plea conflicts and sentencing factors to account for the evidence presented by the off the record documents, the defendant and government's investigative discovery. (c) Counsel failed by ignoring the email evidence and proceeding under the attitude of "it wouldn't make sense to object" because Isaac was going to get the mandatory...cont (#1)</u>

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: <u>My appellate attorney provided ineffective assistance by failing to investigate and argue the issue. Informed me that 2255 was the correct avenue for this ...cont (#1)</u>

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ☐  No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ☐  No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☐  No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

GROUND TWO: <u>Ineffective Assistance of Counsel. Counsel failed to object to the PSR and Amendent as the defendant clearly indictated and requested.</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): <u>Dawson as exhibited in Exhibit B. misled the defendant into not objecting under the promise he would receive the mandatory minimum, counsel failed to make obvious and meritorious objections to multiple             factors in the PSR. (b)Failed to object to an untimely entry of "new discovery" interview (entering post plea and PSR interview), by a cooperating codefendant used as a PSR amendment to enhance Isaac's conduct, "which" add[ed] a new story line, conflicting information, and highly consequential drug weight "on which" Isaac was ultimately sentenced. Cont... Attachment #1</u>

**(b) Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ☒

(2) If you did not raise this issue in your direct appeal, explain why: <u>My appellate attorney provided ineffective assistance by failing to investigate and argue the issue.</u>

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐  No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____


(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐  No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐  No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐  No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

GROUND THREE: Ineffective Assistance of Counsel for Failure to Object to prosecutorial misconduct.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Counsels failed to object to the Government advocating for a role enhancment that it in fact knew was not factual. The Government possessed first hand statements from Antonella Barba admitting she recruited Isaac, and invested $12,500 to purchase the nacotics to be sold for her primary benefit. See Exhibit D. and Exhibit A2. The governament knowingly staged Antonella as a mule, in order to enhance Isaac's sentence. The Government instructed the Probation Department to negate reporting the factual basis of Barba known to them and to report that Isaac "directed" Barba, all while threatening Isaac to lose acceptance if he challenged the governments case. A 2 point enhancement prejudiced the defendant against a lower sentence and ...cont.(#1)

(b) Direct Appeal of Ground Three:

  (1) If you appealed from the judgment of conviction, did you raise this issue?

  Yes ☐   No ☒

  (2) If you did not raise this issue in your direct appeal, explain why: Appelate counsel informed me that due to off the record exhibits this claim could not be brought on direct appeal.

(c) Post-Conviction Proceedings:

  (1) Did you raise this issue in any post-conviction motion, petition, or application?

  Yes ☐   No ☐

  (2) If your answer to Question (c)(1) is "Yes," state:

  Type of motion or petition: _____

  Name and location of the court where the motion or petition was filed: _____

  _____

  Docket or case number (if you know): _____

  Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐  No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐  No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐  No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

**GROUND FOUR:** Ineffective Assistance of Plea Attorney Brian Latuga. Counsel advised me to enter into an illusionary plea agreement and failed duty.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Counsel advised the defendant to enter into an agreement to plead guilty. To solidify this agreement, counsel advised the defendant to sign a criminal information agreeing in contract. The contract in question was based upon omissions of elements that were used to induce Isaac's acceptance and to which he relied upon to settle his criminal dispute, these omissions were told to the defendant as a verbal arrangement not needed on paper "and the deal was done". Counsel's advice to enter such a contract created a conflict of interest, visibly represented at the Motion to Withdraw hearing...cont (#1)

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐ No ☒

    (2) If you did not raise this issue in your direct appeal, explain why: <u>Sentencing and Appellate counsel refused to present the issues and told me not to. Apellate attorney stated this could not be brought on direct appeal only 2255.</u>

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐ No ☐

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐ No ☐

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐ No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☐ No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: <u>Grounds one, two, and three because my trial and appellate attorneys failed to investigate these issues, know the law, and provided me with ineffective assistance of counsel. Furthermore, my trial attorney misled then abandoned me, and my sentencing attorney did not allow me to raise these objections during my sentencing hearing.</u>

_____

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?   Yes ☐  No ☒
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _____

(b) At arraignment and plea: <u>Brian M. Latuga - Wolcott Rivers Gates Convergence Center IV 200 Bendix Road Suite 300 Virginia Beach VA 23452</u>

(c) At trial: _____

(d) At sentencing: <u>S. W. Dawson - P O Box 58 Norfolk, VA 23501</u>

(e) On appeal: _Laura P. Tayman - 11815 Fountain Way, Suite 300 Newport News, VA 23606_

(f) In any post-conviction proceeding: _____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☐  No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐  No ☒

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

    (b) Give the date the other sentence was imposed: _____

    (c) Give the length of the other sentence: _____

    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.* __This Motion is timely pursuant to 28 U.S.C. §2255__

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
  A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
  (1) the date on which the judgment of conviction became final;
  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: __Vacated the sentence__
__for a resentencing hearing consistent with__ ~~~~~~~~~~~~~ __t -- that he__
would receive a sentence of no more than 10 years with the benefit of a safety valve
or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on __12-6 2023__ (month, date, year).

Executed (signed) on __12-4-23__ (date).

_____/s/ Justice_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. _____
_____
_____

IN FORMA PAUPERIS DECLARATION

[Insert appropriate court]

\* \* \* \* \*