### ATTACHMENT #1
### TO ISAAC'S 2255 APPLICATION

**GROUND ONE** cont..:

minimum. See Exhibit B., Exhibit Batch C.

(d) Counsel failed to object or signal to the district Court that misconduct during the plea negotiations was apparent, failed to adequately investigate, prepare, and present document evidence in support of intent to breach plea agreement by gamesmanship use of unreliable PSR sentencing information and manipulated sentencing factors. See. Declaration and Exhibits.

   **(b) cont...:** (2) off the record evidence to be submitted to the Court.

**GROUND TWO** cont..:

   (c) Counsel was ineffective in failing to move to surpress or object to the admission of both [all] conflicting statements of Dante Davis on grounds that were indisputably meritorious; Counsel had access to all the facts that should have led him to conclude that the mere inconsistencies in the PSR at 14 - 15 and later at Amendment 15 were blatant and significant, surrounded by misaligned fabrications and repurposed elements of HSI investigated notes invloving Rawl Stennet's relation to Dante Davis, among many other embellishments unsupported by the HSI Search and Seizure Application Investigative Affidavit itself. See Declaration and Exhibit F1 and F2.

   (d) Counsel wa ineffective in failing to make an independent examination of the facts and circumstances in order to offer an informed opinion as to the best course to follow, counsel spent minimal time conducting any sort of external investigation of the case, ignoring the fruitful lead provided by the defendant himself and the HSI investigative team records that would have created substantial questions as to the identity of the actual "Cali" and primary narcotics supplier(s) of Dante Davis and Anthony Sommervielle; and also failed to investigate Isaac's actual conduct exposure (in that counsel ignored indications of unreliable statements and information being presented by a potentially unreliable key source.

   (e) Defense's presentation of a weak, recognized as untimely sentencing position was a sure red flag of counsel's failure to adequately investigate and unprepared duty to mitigate Isaac's sentencing factors, and failed to make use of the crucial prosecution only source's inconsistent statements in the

1

PSR and PSR amendment.

**GROUND THREE cont..:**
and eligibility for the bargained for Safety Valve Factor. Exposing that Barba nor anyone else was an essential element in mitigating Isaac's sentencing. Furthermore revealing that the government was behind staging the role enhancement with the readily available information and evidence in Latuga's letter to the defendant stating "it is unlikely that many of these statements will be used against you in sentencing" See Exhibit A2 pg 1. Counsel possessed the notes from the government that showcased they knew Barba was the primary investor, looking to make back money from a drug bust of own doing elsewhere, who not only participated, but independently coordinated her involvement to insure the deal could happen. This information again, was told to Isaac as not to be brought up, "not to impeach the witnesses" (See Motion to Withdraw Hearing) in order to benefit from the plea and Safety Valve, then however was used adversely to strip Isaac of all the intended benefits induced . Manipulated and repurposed information by the misconduct of the prosecution does not end at this claim. This is a factual foundation as to it's presence towards overall misconduct. Counsel once again, did not object or preserve the record under the false impression that "as a first time offender ...it makes no sense to object... or delay the court.. facing the mandatory minimum of 10 years" Exhibit B. Isaac was ultimately sentenced to 168 months in prison and NO Safety Valve, making Counsel's advise false, and patently unreasonable.

    (b) Government staged Isaac as "Cali" when in fact their investigative team identified another individual as "Cali". Counsel failed to object and expose the governments repurposed misconduct. See Search and Seizure Warrant 108 and 109 at paragraph 43.

**GROUND 4 cont..:**
    (b) Counsel gave plainly inadequate advice in advising Isaac to plead guilty to a verbally stipulated "ultimate understanding" (See Exhibit Batch C), Safety Valve agreement, without an agreement that represented the true nature of elements towards the plea and to throw himself at the mercy

2

of the PSR and judge given that Isaac was clearly risking a sentence of substantially more the the mandatory minimum of 10 years coaxed by counsel.

(c) Counsel did not hire an investigator, move the court to appoint an investigator. Failed to conduct any investigation thoroughly to put forth fair adversarial testing of the government's overall perceived criminal culpability of Isaac's involvement that was evidently the primary focus of the defense.

(d) Counsel failed to investigate [codefendant Dante Davis] background to provide information to support an "uncredible" diagnosis, explain the elements of the conflicting allegations to the prosecutor, and use readily available evidence to rebut the HSI agent Eric Jones' repurposed information all of which prevented defence from subjecting the governments case to reliable adversarial testing, specifically foreseeable for mitigation factors of sentencing by Counsel. Latuga present for pretrial and plea negotiations failed to investigate and establish conduct attributable to Isaac and identify the Government's relevant conduct evidence which had a palpably adverse effect on the defendant at sentencing. Instead after his failure was revealed he then later sent Isaac a letter stating; "Obviously, the PSR, the new addendum being file, and the enhancement for Role in the Offense places you in a different position regarding sentencing and your next steps..." See Exhibit A5. This after advising pre plea entry that "The Probation Officer will not necessarily use all, or any of this information in a presentence report for relevant conduct...It is unlikely that many of these statements will be used against you in sentencing...objecting to relevant conduct can have an extremely adverse effect upon you ultimate guideline range when considering the loss of acceptance..." Ignoring his clients plea to clarify his involvement based on the facts in the investigative history Latuga chose omit the needed actions to sever Issac's conduct based on available factual findings through the HSI originated affidavits. See Delcaration and Exhibits hereto.