**Exhibit (Batch) Guide**

Brian M. Latuga to Client............................ A, A1,...

S.W. Dawson........................................ B

Brian M. Latuga to AUSA Darryl Mitchell

eleetronic communications excerpts from 83 pages*.... C, C1,..

Antonella Barba Money Wire Transfers................. D

Eric Jones Affivdavit................................ E

Search and Seizure Warrant Application Affidavits

2:18r108 and 109 - excerpts from 28 page origin...... F1, F2

Leah Greenhouse ................................... G

Letter to AUSA Mitchell from Justin M. Isaac......... H

DTO Surveillance HSI team Notes .................... I

Letter to Latuga from Justin M. Isaac............... J

A-1

# Wolcott|Rivers|Gates
## ATTORNEYS AT LAW

**Brian M. Latuga, Esq.**
P: (757) 687-3657
F: (757) 497-7267
blatuga@wolriv.com

200 Bendix Road, Suite 300
Virginia Beach, VA 23452
P: (757) 497-6633 | F: (757) 497-7267
www.wolcottriversgates.com

**Heather Y Lyall**
Legal Assistant to Brian Latuga
P: (757) 687-3624
hlyall@wolriv.com

May 23, 2019

## CONFIDENTIAL AND PRIVILEGED ATTORNEY-CLIENT COMMUNICATION

Justin Michael Isaac
Inmate No.: 1848087
Western Tidewater Regional Jail
2402 Godwin Blvd
Suffolk, VA 23434

### Re: United States v. Justin Michael Isaac; 2:18CR158

Dear Mr. Isaac:

As you are aware, after our meetings on March 12, April 11, and May 6, 2019, in anticipation of an offer by the Government to plead guilty to Count 1, Conspiracy, you decided at that point it would be in your best interests to plead guilty in lieu of risking a trial and potentially increased sentencing guidelines. We have extensively reviewed a number of items, including: the limited discovery materials provided by the United States, what I believe would be the applicable Sentencing Guidelines if you were to plead guilty, the favorable benefits to any cooperation, the opportunity to refuse to cooperate, the potential opportunity for the "safety valve," and the collateral consequences of maintaining your plea of not guilty and proceeding into a jury trial. We also discussed the potential pretrial motions that could be filed, such as any Miranda issues and severance of defendants for trial, and the collateral consequences and benefits of filing and arguing those motions.

Currently, you are indicted with one (1) count of Conspiracy to Distribute and Possess with Intent to Distribute Cocaine, Heroin and Fentanyl (Count 1), and Use of a Communication Facility to Cause, Commit, and Facilitate a Felony Violation of the Controlled Substances Act (Count 29, and Count 30). As indicted, you face a *mandatory minimum* sentence of imprisonment of one hundred and twenty (120) months, which is 10 years, on the drug Conspiracy charge. As we discussed, the alleged amount of Fentanyl (>400g) carries a 120-month mandatory minimum, a maximum potential sentence of Life imprisonment, a potential $10 Million fine, forfeiture of assets, a special assessment (monetary), and a minimum of five (5) years of supervised probation. Counts 29 and 30 carry a potential 4 years imprisonment and a fine of $250,000. Each count requires several years of mandatory supervised release after imprisonment.

**Hampton Roads**
200 Bendix Road, Suite 300
Virginia Beach, VA 23452

**Richmond**
919 E. Main Street, Suite 2010
Richmond, VA 23219

# Wolcott|Rivers|Gates
## ATTORNEYS AT LAW

### CONFIDENTIAL AND PRIVILEGED ATTORNEY-CLIENT COMMUNICATION

A conspiracy merely requires the government to show an agreement between two or more people to commit an unlawful act, or a lawful act by unlawful means. There need not be an overt act accompanying a drug conspiracy. The other conspirators need not be identified or known. An implied or implicit agreement, proven by circumstantial evidence can be enough. A person who conspires to commit an offense is subject to the same penalties as those prescribed for the offense which was the object of the conspiracy. So, someone convicted of conspiracy to commit drug distribution will face the same penalties as if he carried out the offense itself.

As discussed, regardless of your plea, the Sentencing Guidelines will ultimately be calculated by the Probation Officer and decided by the Court. While I can give you an estimate of what I believe your guidelines will be, I cannot establish them with certainty. The guidelines will consider all "relevant conduct" such as your involvement in the offenses, other person's involvement, other wrongdoings, and the current information known to the government through their investigation. The Probation Officer will conduct a thorough investigation to determine how the Guidelines are applied to the offenses.

The Sentencing Guidelines are discretionary – meaning the court does not have to follow them. The court will impose a sentence that is "sufficient, but not greater than necessary." I will provide you with a packet outlining the factors that the court will address in sentencing under 18 U.S.C. § 3553 – these include your history and characteristics; the seriousness of the offenses and their nature and circumstances; the need to protect the public; your individual need for education, vocational training; and, the need to avoid unwarranted disparity among those sentenced with similar crimes. Ultimately, the court may deviate upward or downward from the sentencing guidelines as it deems appropriate – subject to any mandatory minimum term of imprisonment.

We have discussed the Guidelines and time ranges in depth. If you plead guilty then you will have a mandatory minimum imprisonment term of 10 years (120 months). I have estimated your controlling guidelines to begin at approximately a Base Level 32. Your Criminal History Category should be I, and assuming level 32, you may have a beginning range of 121 months to 151 months (10-12.5 years). Your guideline range may be lower or higher as calculated by Probation or the Court. Going to trial or persisting in a not guilty plea and delaying the entry of a guilty plea will result in a higher Guidelines range.

I have advised you that pleading guilty should result in a 2-level decrease in your guidelines offense level based upon an "Acceptance of Responsibility." Additionally, the Government may grant an additional 1-level decrease on their motion stating that you have assisted the authorities by *timely notifying them of your intention to enter a plea of guilty,* and thereby permitted the government to avoid preparing for trail and allocate resources elsewhere. (As we discussed also, any obstruction of justice is inconsistent with acceptance of responsibility and will result in a loss of reductions and possibly an upward adjustment of sentencing level). A total 3-level decrease from the above estimated guideline ranges would result in a Level-29, which is 87 to 120 months (6.6 - 10 years, adjusted *upward* for the mandatory minimum).

**Hampton Roads**
200 Bendix Road, Suite 300
Virginia Beach, VA 23452

**Richmond**
919 E. Main Street, Suite 2010
Richmond, VA 23219



## CONFIDENTIAL AND PRIVILEGED ATTORNEY-CLIENT COMMUNICATION

You can increase your potential guidelines and imprisonment with the persistence of a not guilty plea – this includes the government seeking indictments on other counts and potential obstruction of justice enhancements due to testimony that is perceived to be less than credible. You also would not enjoy the benefit of a 2 or 3-level decrease gained for your Acceptance of Responsibility. For example, a Level-34 sentencing range is 151-181 months.

There are two main ways to give the court authority to sentence below a mandatory minimum term of imprisonment, or to give the court the authority to grant a sentence departure below the guidelines recommended level. The first is a "Safety Valve" provision (18 U.S.C. § 3553(f)) which requires very little criminal history, no use of violence, no serious bodily injury, not being an organizer or leader, and that you "truthfully provide to the Government all information and evidence that [you have] concerning the offense or offenses that were part of the same court of conduct or of a common scheme or plan…."

We have also discussed that the Government has provided us with a *very* small glimpse of their case through the limited discovery we have received. The Government is not required to provide us any discovery materials until seven (7) days before trial. The Government is not obligated to share with us any statements from other witnesses, grand jury testimony, benefits conferred to others for testimony, or otherwise until five (5) days before trial (Jencks Act and Giglio material). What this means is that the Government has likely provided us with just a minor cross section of materials to reveal a basic outline of their case. Because of the timelines, we do not have an opportunity to obtain full unfettered discovery and to simultaneously reap the benefits of a guilty plea.

Ultimately, it is your decision on whether you plead guilty or not guilty. I am ready, willing and prepared to represent you fully in either a guilty plea or a trial by jury. But, I have a duty to be honest with you and to give you my best opinion based upon the information at hand. At this point, I believe that persisting in a Not Guilty plea is *against* your best interests and the consequences would carry more imprisonment and possibly more indictments. I do not see any reasonable defenses to the crimes charged. A jury will most likely return an unfavorable verdict in your case. It is my opinion that a timely Guilty Plea to the indictment and a concentration on the Sentencing Hearing is in your best interests.

Kind regards,
**WOLCOTT RIVERS GATES**

Brian M. Latuga

BML/hyl

**Hampton Roads**
200 Bendix Road, Suite 300
Virginia Beach, VA 23452

**Richmond**
919 E. Main Street, Suite 2010
Richmond, VA 23219

A2 p1

# Wolcott|Rivers|Gates
### ATTORNEYS AT LAW

**Brian M. Latuga, Esq.**
P: (757) 687-3657
F: (757) 497-7267
blatuga@wolriv.com

200 Bendix Road, Suite 300
Virginia Beach, VA 23452
P: (757) 497-6633 | F: (757) 497-7267
www.wolcottriversgates.com

**Heather Y Lyall**
Legal Assistant to Brian Latuga
P: (757) 687-3624
hlyall@wolriv.com

July 30, 2019

## CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

Justin Michael Isaac
Inmate No.: 1848087
Western Tidewater Regional Jail
2402 Godwin Blvd
Suffolk, VA 23434

**Re: United States v. Justin Michael Isaac**

Dear Mr. Isaac:

Attached you will find my notes from my conversation with the AUSA, Mr. Mitchell. As you recall, I have reviewed this discussion with you in person and was only able to take a shorthand version of notes to get a summary of what the Government was willing to share at the time. The Probation Officer will not necessarily use all, or any, of this information in a presentence report for relevant conduct; this is merely to assist us in knowing what evidence the Government would attempt to introduce at a potential trial in this matter and an idea of the approximate amounts alleged. It is unlikely that many of these statements will be used against you in sentencing; and as we discussed, objecting to relevant conduct can have an extremely adverse effect upon your ultimate guideline range when considering the loss of acceptance and the potential for an enhancement for obstruction. All the evidence has to be considered together and no single assertion of fact should be dwelled-upon as dispositive to the entire case.

Kind regards,
**WOLCOTT RIVERS GATES**

Brian M. Latuga

BML/jlc
Enclosures

**Hampton Roads**
200 Bendix Road, Suite 300
Virginia Beach, VA 23452

**Richmond**
919 E. Main Street, Suite 2010
Richmond, VA 23219

**Notes; TC with Mitchell**

Davis met C in 2016 through some girls at strip club

C would be in VA 1-2/mos; C would stay at a hotel in Greenbrier

Davis would pay C

Davis showed C the apartments in Norfolk

Davis saw money that C was packaging

Davis cut out the center of books and put money in books

C would wait in apt at law building, While davis distributed In Huntersville section; $30k

C would bring Kg to area and leave it; C would get money when returned


Davis flew to California; met Amigo; Baby girl; Baby girl would deliver cocaine when C out of town

Davis remembered C first delivered Kg of cocaine to law building; Davis gave C a key to the law building

When apt. broken into, $250k stolen as well as

C met aqui gatling and davis in Norfolk

C arrested in California for some other crime


Delivered 3-5 KG to Wainright bldg.


Devlivered 4kg cocaine and heroin; paid 150k to Cali


Estimated Cali delivered to building 10 times; Cali also sent baby girl to law building


Estimate 20-50 kg cocaine delivered

(And Barba talked about cocaine

$65k for kg heroin

C told davis he used Right aid or Walmart trucks to get kG to Va

Isaac ID'ed as Cali

A2 p3

1. Barba cooperating

2. Barba knows Isaac: has been to recording studio, knows he's music producer; met 4 years ago

3. Met through mutual friend; Isaac asked her to p/u a small amount of coke

4. Early 2018; she asked if could earn money; Isaac blew her off; Barba said something happened b/t him
5. and mutual friend at an apartment and "he vanished";

6. At one point Isaac was worried Barba was wearing a wire

7. May 2018; Barba transporting marijuana? Got a citation; asked Isaac to mail MJ to replace amount
8. seized

9. Not a lot of personal/ historical info about Isaac

10. $12k in to Kg cocaine that Isaac was purchasing ?

11. 1-/18 Isaac gave $2k to Barba to cover expenses; sent to MGM grand to p/u narcotics to deliver

12. B/M gave her shoe box w/ drugs

13. Isaac told her to p/u ~$43k and bring back to LA

# Wolcott | Rivers | Gates
## ATTORNEYS AT LAW

**Brian M. Latuga, Esq.**
P: (757) 687-3657
F: (757) 497-7267
blatuga@wolriv.com

200 Bendix Road, Suite 300
Virginia Beach, VA 23452
P: (757) 497-6633 | F: (757) 497-7267
www.wolcottriversgates.com

**Heather Y Lyall**
Legal Assistant to Brian Latuga
P: (757) 687-3624
hlyall@wolriv.com

August 6, 2019

## CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

Justin Michael Isaac
Inmate No.: 1848087
Western Tidewater Regional Jail
2402 Godwin Blvd
Suffolk, VA 23434

    **Re: United States v. Justin Michael Isaac**

Dear Mr. Isaac:

    I met with the Assistant United States Attorney on August 6, 2019 and held a lengthy conference with him regarding the proposed statement of facts and the issues you wanted addressed surrounding your plea to the Conspiracy charge, namely- the objection to heroin distribution in an amount to exceed 20-30 grams. The short answer is that there is no easy solution to this issue. The Government believes it has a strong case with Mr. Davis' testimony, the corroborating texts and phone calls between the two of you regarding "unc" (heroin) and "auntie" (cocaine). Unfortunately, the biggest reason to plead is to gain the benefit of having (1) acceptance of responsibility and (2) the potential for the Safety Valve – the mechanism in which federal law permits you to be sentenced under the mandatory minimum of ten (10) years.

    Some of the reasons that the Government believes Davis are as follows:

    According to the Government, Davis is trustworthy because he spoke with investigators without knowledge of the information that they already possessed – placing himself at risk of immediate contradiction if he was to be untruthful, and according to the Government, the additional information and observations they have will corroborate his testimony. He has also cooperated under oath with the Government and is willing to swear under oath and testify against others at trial. There is evidence of frequent talks about heroin in texts and phone calls. Davis said he received multiple ½ Kg and 1 Kg quantities of heroin from you. They believe they have testimonial evidence that would exceed the 1 Kg threshold charged. Davis also states that occasionally you would send a "Hispanic female" to deliver quantities of heroin for you- or through you. If this fact is true, then that is considered distribution within the conspiracy. Davis said he started to distribute Heroin when you began to push it on him – and offers to purchase heroin are apparent in the phone calls and texts. Davis also spoke with investigators only16 days after the last time he said you delivered to him – he recalled the most recent quantity to be 4 Kg of cocaine and 600 g of heroin. The Government also finds it unusual that "out of nowhere" you would deliver 800g of fentanyl (that you thought was heroin) if Davis wasn't willing to buy any heroin from you at all.

**Hampton Roads**
200 Bendix Road, Suite 300
Virginia Beach, VA 23452

**Richmond**
919 E. Main Street, Suite 2010
Richmond, VA 23219

A3 p2

# Wolcott | Rivers | Gates
## ATTORNEYS AT LAW

3.         As I stated in my prior letter, a Judge or Jury can determine quantities simply based upon co-conspirator testimony, lay witness testimony, averages, approximations, and estimations. This includes amounts referenced to in *text* messages or *phone* calls. For instance, the probation officer can attribute drug weight to you for having *access* to 2- 3 Kg of Heroin with such a statement as "like 'uncle' going to work two to three times so it might take a while but I'm just letting you know how strong it is, alright?" Some probation officers will pickup on these distinctions, some others will not. The probation officer will make all calculations of drug weights and objections can later be made – however, any formal objection at sentencing *will* likely cause loss of Acceptance of Responsibility, loss of Safety Valve, and loss of any future potential for ▮▮▮▮▮.

4.         However, in order to plead guilty to the "Conspiracy" count, you must have a legal and factual basis for the plea. You must be able to swear under oath to the amounts alleged. Contesting the Government's case and evidence now in the plea, or later at sentencing, will inevitably put any potential benefits of a plea at risk – including "acceptance" and a potential "safety valve." We cannot leave the proposed stipulation of facts as-is and simultaneously object to the drug weights listed in it - unless those objections do NOT fall under the threshold weights (i.e.- 1Kg Heroin, 5Kg Cocaine, 400g Fentanyl). A Federal Judge will not accept a plea whereby the threshold amounts are not agreed.

        It is also apparent that you don't truly have any true trial issues since all these assertions of fact will be introduced in a sentencing hearing through "relevant conduct" in one way or another.

5.         While Relevant Conduct *may* be contested at any sentencing hearing if it is believed to be in error, it would require presentation of witnesses or your own testimony to overcome the evidence presented by the prosecution, and an objection could (and most certainly would) result in losing 'acceptance of responsibility.' If you do not get 'acceptance of responsibility' then you will not qualify for any Safety Valve, and you would *not* qualify then for a ▮▮▮▮▮ (if ever one was to be offered). (Sentencing Guideline 3E1.1 states that you cannot "falsely deny" or "frivolously contest" relevant conduct, but you *may* remain silent). Additionally, if the court is to believe Davis or any other witness the Government may have regarding the Heroin, then you may also get a charge or enhancement for Obstruction of Justice.

6.         The Government believes it has enough evidence to convict you of all the information alleged.  For those reasons and others, the Government is currently unwilling to bend on the 1Kg of heroin as part of the conspiracy. The Government is not going to intentionally undermine its own cooperating witness and disbelieve major points of his testimony based upon the unsworn and unobligated testimony of another co-defendant. I have asked the Government about filing an information (a lesser charge) for a lower, agreed upon, Heroin amount, or no Heroin amount – but the Government does not currently want to do that because it would concede in some way that their evidence against you could be weak. The Government is unwilling to do a "pre-plea proffer" with you – again, they don't want to gain unsworn impeachment evidence against Davis, unless you are to sign a cooperation agreement. They believe that your information would be more credible and trustworthy with a cooperation agreement. They put a lot of weight into a statement from someone that is willing to swear under oath to it versus someone who is not willing to cooperate and swear under oath against others.

7.         The Government does accept the discrepancies in monetary amounts exchanged or owed, as well as your representations that many of the terms and circumstances outlines in the phone conversations was merely "puffery," such as talk about trucks transporting goods. They will remove any reference in the statement of facts to major monies exchanged.

Hampton Roads
200 Bendix Road, Suite 300
Virginia Beach, VA 23452

Richmond
919 E. Main Street, Suite 2010
Richmond, VA 23219

# Wolcott|Rivers|Gates
## ATTORNEYS AT LAW

8.    Unfortunately, short of cooperation, there aren't any certain or compelling options for you. The US Attorney does not currently have many suggestions because they are unwilling to discredit their own sworn witness. This puts you in a difficult situation that leaves limited options in order to gain the benefits of a plea. And, objecting without cooperation will only serve to hurt you in the end.

You have many options available to you, and none are perfect:

1. Plead Not Guilty and go to trial – If convicted, you will lose acceptance, the 1-level government reduction, any potential for a Safety Valve, and may have enhancements or additional charges later for Obstruction. The totality of the drug weights will still be applied in a Presentence Report (PSR). As we discussed, this option isn't in your best interest.

2. Plead Guilty as-is, and without a plea agreement – You would still need to acknowledge under oath the drug weights in the statement of facts and indictment. This option would likely have little impact on your sentencing guidelines and would increase your special assessment to $300. But, any objection to drug weights at the plea will cause the court to potentially *reject* the plea; and objections to the amounts at sentencing may cause you to lose any acceptance, any safety valve possibility, and cause possible enhancements or other charges.

3. Plead Guilty pursuant to the current Plea Agreement – You would need to be able to swear under oath that the statement of facts is true. You can still get acceptance and a potential safety valve -but, if you object later to amounts then you could lose both of those.

4. Plead Guilty pursuant to a cooperation Plea Agreement and propose a "pre-plea proffer" to try and convince the government of your reduced drug weight responsibility– this option serves the most benefit to you, but also the most risk to you personally (according to you). It leaves open the opportunity for acceptance, Safety Valve, and you will enjoy limited immunity in a proffer with the Government and your proffer could potentially have a beneficial effect on your PSR and guidelines amounts. Of course, you would potentially need to testify against others later.

6. Plead Guilty pursuant to an "Information" alleging a lower drug amount – This is the option that you have stated you would like, but the Government is currently resisting (as described above). You must acknowledge that with this option you have a likelihood of losing the 2-level acceptance of responsibility, and any opportunity at a Safety Valve reduction (and you could get an enhancement), additionally, if you were to assist ███████████████████ would not be likely because of the lack of Acceptance. However, this option is far better than a trial because it preserves some possibility of acceptance of responsibility but also contests the facts that you want contested. As discussed, you would be required to talk truthfully to Probation ████████████. Again, this is what we are working on but being met with great resistance.

**Hampton Roads**
200 Bendix Road, Suite 300
Virginia Beach, VA 23452

**Richmond**
919 E. Main Street, Suite 2010
Richmond, VA 23219

# Wolcott|Rivers|Gates
### ATTORNEYS AT LAW

7. Alford Plea - when the defendant maintains his or her innocence with respect to the charge to which he or she offers to plead guilty; this isn't really an option because you are acknowledging the charge of "conspiracy" but want to contest asserted facts. The USA vigorously opposes these pleas and they will put on sufficient evidence to "prove" you are guilty and then you will not get acceptance or a safety valve, and may gain an enhancement for obstruction.

8. Nolo Contendere – This is where you state that you are technically liable, but not seriously culpable of the crime charged. Also, not an option because you oppose certain asserted facts. The USA opposes these pleas and you have <u>no right under the law</u> to enter one.

9.     Because of your unique circumstances, I am still trying to convince the government to be willing to file an "information" to change the Heroin amount in the indictment. This would permit a plea and give you the best opportunity to obtain an Acceptance of Responsibility Reduction at sentencing (2-level decrease), but only then if you truthfully admit your full responsibilities to probation and to the Government. We will likely need to object to facts asserted in the probation report , and you must acknowledge that the Court may not grant you Acceptance of Responsibility; and of course could enhance the guidelines with Obstruction, or not accept any Safety Valve if you choose to do one, and would foreclose upon a ▓▓▓▓ potential later if you were ever to choose that. Your best potential at keeping Acceptance of Responsibility and keeping your options open would be a plea to an Information that you can truthfully accept, and then NO formal objection at sentencing to probation's analysis of drug weights and measures. We will speak more about this.

    This is a far-better option than going to trial because it is unlikely that a defendant would obtain Acceptance of Responsibility after trial, and you would also lose the 1-level decrease for saving the Government the time and expense of going to trial.

Kind regards,
**WOLCOTT RIVERS GATES**

Brian M. Latuga

BML/hyl

**Hampton Roads**
200 Bendix Road, Suite 300
Virginia Beach, VA 23452

**Richmond**
919 E. Main Street, Suite 2010
Richmond, VA 23219

A4

# Wolcott|Rivers|Gates
### ATTORNEYS AT LAW

**Brian M. Latuga, Esq.**
P: (757) 687-3657
F: (757) 497-7267
blatuga@wolriv.com

200 Bendix Road, Suite 300
Virginia Beach, VA 23452
P: (757) 497-6633 | F: (757) 497-7267
www.wolcottriversgates.com

**Heather Y Lyall**
Legal Assistant to Brian Latuga
P: (757) 687-3624
hlyall@wolriv.com

December 5, 2019

## CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

Justin Michael Isaac
Inmate No.: 1848087
Western Tidewater Regional Jail
2402 Godwin Blvd
Suffolk, VA 23434

> Re:   **United States v. Justin Michael Isaac**
>        **December 19, 2019 Sentencing; E-mails**

Dear Mr. Isaac:

I am glad to get you any e-mails with the USA regarding your case. However, it takes time to populate and do redactions of personal and other client information. It will simply take my staff some time to prepare at a time when we are busy with more pressing litigation matters. Outside of that, the *court* notified counsel on November 27, 2019 that they must reset the December 19 sentencing to a later date. This was not either counsel's request. The continuance effectively suspends the current PSR deadline responses.

By now you have received my motion to withdraw. You've voiced your desire to state your grievances to the court regarding your concerns that you were pressured, uncounseled, underrepresented, and/or misled. If new counsel is appointed, then he/ she may objectively assess your cases and the soundness of your complaints. Our relationship has traversed into a position of conflict rather than harmony under which an effective representation is difficult -if not impossible- to maintain. The Government's recent additional offer to you remains unchanged, but I must suspend certain aspects until the motion is addressed with the court. We do not have a new sentencing date or motion date set with the court at this time. Once one is set then you will be notified.

Sincerely,

Brian Latuga, Esq.

BML/hyl

---

**Hampton Roads**
200 Bendix Road, Suite 300
Virginia Beach, VA 23452

**Richmond**
919 E. Main Street, Suite 2010
Richmond, VA 23219

A5 p1

# Wolcott|Rivers|Gates
## ATTORNEYS AT LAW

**Brian M. Latuga, Esq.**
P: (757) 687-3657
F: (757) 497-7267
blatuga@wolriv.com

200 Bendix Road, Suite 300
Virginia Beach, VA 23452
P: (757) 497-6633 | F: (757) 497-7267
www.wolcottriversgates.com

**Heather Y Lyall**
Legal Assistant to Brian Latuga
P: (757) 687-3624
hlyall@wolriv.com

November 11, 2019

## CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

Justin Michael Isaac
Inmate No.: 1848087
Western Tidewater Regional Jail
2402 Godwin Blvd
Suffolk, VA 23434

### Re: United States v. Justin Michael Isaac; PSR UPDATE

Dear Mr. Isaac:

We sent to you Probation's prepared Presentence Report ("PSR") in a previous mailing. However, Probation and Parole has since notified all counsel that they "discovered an interview with Davis dated 9/28/18 that puts more drug weight on Isaac." After close of business on November 8, 2019, Probation informed counsel by e-mail of the following: the **"new total off[ense] level is 35. His custody range is now 168 to 210 months. Unless my supervisor finds something else, this will be what is filed as a new information sometime next week."** We had a meeting with you scheduled for 11/11/19, however it has been cancelled until we receive Probation's addendum.

Obviously, the PSR, the new addendum being filed, and the enhancement for Role in the Offense places you in a different position regarding sentencing and your next steps. Overall, there are still uncertainties about how 'close' Probation's calculation of drug weight is to a lower-limit on whether any arguments regarding weight will make any difference at all. Also, as we suspected may happen, Probation assessed you a 2-level increase for Role in the Offense (lowest increase for that enhancement). A Role in the Offense enhancement makes you ineligible for any Safety Valve – but, any Safety Valve mechanism is reserved for those whose guidelines fall *below* the statutory minimum mandatory time; except for an *enormous* reduction in attributed drug weight as calculated by Probation, your guidelines would not fall below the statutory mandatory minimum regardless.

The previously converted drug weight (in the PSR you have) was 11,077.25 Kg. We have independently confirmed the *calculation* based off probation's numbers to be accurate. (That is not addressing any inflation/ inaccuracies by Davis). That *would have* placed you in a very close range for level-34 at the 10,000Kg – 30,000Kg level. Which means that an argument on inaccuracies/ over-inflation may have yielded a lower level if the heroin amount alone could have been reduced. (Arguing the heroin gets you the biggest 'bang for your buck' because its conversion is a 1g = 1Kg ratio vs. cocaine's 1g = 200g). Reducing the heroin on the previous calculation by 1.5 Kg may have brought you down two levels.

However, we have learned that now Probation is attributing more drug weight to you. We do not yet know the information or calculation used to get to this new drug weight. To match Probation's new offense level of 35 it would have to be in the 30,000Kg to 90,000Kg range. We do not yet know how close it is to the low-end of 30,000Kg to determine whether there is an argument against the accuracy of the information. We would need to convince the court through argument, and cross-examination of the special agent, that the estimates are largely

**Hampton Roads**
200 Bendix Road, Suite 300
Virginia Beach, VA 23452

**Richmond**
919 E. Main Street, Suite 2010
Richmond, VA 23219

Exhibit B

I accept full responsibility for my role in this conspiracy. I want the Court to know however that there are certain calculations and points attributed to me that I do not agree with. On advise of counsel however, I do not want to waste this Court's valuable time by making objections th ultimately would not affect the fact that I am facing a mandatory minimum 10 years for my involvement.

Page 5 of 5

**Brian M. Latuga**

| | |
|---|---|
| **From:** | Mitchell, Darryl (USAVAE) <Darryl.Mitchell@usdoj.gov> |
| **Sent:** | Thursday, July 11, 2019 10:57 AM |
| **To:** | Brian M. Latuga |
| **Subject:** | ISAAC |

Brian, Are you ready to schedule Isaac for a guilty plea?

**Darryl J. Mitchell**
**Assistant United States Attorney**
**United States Attorney's Office**
**101 W. Main Street, Suite 8000**
**Norfolk, VA 23510**
**Phone: (757) 441-6331**
**Fax: (757) 441-6689**
**Email: Darryl.Mitchell@usdoj.gov**

**Brian M. Latuga**

| | |
|---|---|
| **From:** | Mitchell, Darryl (USAVAE) <Darryl.Mitchell@usdoj.gov> |
| **Sent:** | Tuesday, July 16, 2019 3:45 PM |
| **To:** | Brian M. Latuga |
| **Subject:** | RE: Isaac, Justin |

Okay. If he wants to cooperate, we can put the cooperation language in a separate agreement filed under seal.  But he's going to have to make up his mind at some point before we schedule this for a plea.  You can pare down the SOF all you want BUT we must leave in enough to support the threshold drug quantities: 5 kilos of cocaine and 1 kilo of heroin.

**Darryl J. Mitchell**
**Assistant United States Attorney**

**From:** Brian M. Latuga <blatuga@wolriv.com>
**Sent:** Tuesday, July 16, 2019 3:24 PM
**To:** Mitchell, Darryl (USAVAE) <DMitchell@usa.doj.gov>
**Subject:** Isaac, Justin

Darryl,

We can probably set Isaac for a plea soon. However, we need to fix some things in the SOF. Or, in the alternative, pare it down – I can explain on the phone. Also, he wants NOTHING on paper (anywhere) about cooperating; however, I believe he's willing to sit down with agents if it will help him yield a lower sentence. He's not right now all-in about any cooperation, and certainly doesn't want an agreement for it. I anticipate fully that he will qualify for the safety valve – so perhaps a debrief as part of the safety valve (of which he also wants sealed) , and you guys can see if you want to talk to him about any potential benefits of cooperation.

Anyway, let's talk about the SOF before setting this for a plea hearing. But I am being assured it'll be a plea.

**Brian M. Latuga**
*Attorney at Law*
**W O L C O T T | R I V E R S | G A T E S**
200 Bendix Road, Suite 300
Virginia Beach, VA 23452
O: (757) 497-6633  |  D: (757) 687-3657  |  F: (757) 497-7267 |  blatuga@wolriv.com
www.wolcottriversgates.com

NOTICE TO THE DEBTOR: Please be advised that this law firm is a debt collector and this communication is an attempt to collect a debt. Any information obtained may be used for that purpose.

NOTICE: This communication is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under federal, state or local tax law or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

NOTICE: This message originates from the law firm of Wolcott Rivers Gates. The message and any file transmitted with it may contain confidential information which may be subject to the attorney-client

**Brian M. Latuga**

| | |
|---|---|
| **From:** | Mitchell, Darryl (USAVAE) <Darryl.Mitchell@usdoj.gov> |
| **Sent:** | Wednesday, July 24, 2019 10:05 AM |
| **To:** | Cristi Dodge; Lisa Woodcock; Julie Jones |
| **Cc:** | Brian M. Latuga |
| **Subject:** | U.S. v. Justin Michael ISAAC 2:18cr158 |

Ladies,  Judge Allen is referring this matter to the USMJ for a guilty plea.

The parties would like to schedule this for the week of August 12.  Mr. Latuga advises he is unavailable on August 15.

Otherwise, that week is wide open for both parties.  Thank you.

**Darryl J. Mitchell**
**Assistant United States Attorney**
**United States Attorney's Office**
**101 W. Main Street, Suite 8000**
**Norfolk, VA 23510**
**Phone: (757) 441-6331**
**Fax: (757) 441-6689**
**Email: Darryl.Mitchell@usdoj.gov**

:

C-4

## Brian M. Latuga

| | |
|---|---|
| **From:** | Brian M. Latuga |
| **Sent:** | Wednesday, July 24, 2019 10:35 AM |
| **To:** | Heather Lyall; Jessica Chiari |
| **Subject:** | Fwd: U.S. v. Justin Michael ISAAC 2:18cr158 |

He didn't ask me, but I think that date/ time does work, right?

Sent from my iPhone

**Brian M. Latuga**
*Attorney at Law*
**W O L C O T T | R I V E R S | G A T E S**
200 Bendix Road, Suite 300
Virginia Beach, VA 23452
O: (757) 497-6633  |  D: (757) 687-3657  |  F: (757) 497-7267  |  blatuga@wolriv.com
www.wolcottriversgates.com

Begin forwarded message:

> **From:** "Mitchell, Darryl (USAVAE)" <Darryl.Mitchell@usdoj.gov>
> **Date:** July 24, 2019 at 10:17:54 AM EDT
> **To:** Lisa Woodcock <Lisa_Woodcock@vaed.uscourts.gov>, Cristi Dodge
> <Cristi_Dodge@vaed.uscourts.gov>, Julie Jones <Julie_Jones@vaed.uscourts.gov>
> **Cc:** "Brian M. Latuga" <blatuga@wolriv.com>
> **Subject:** RE: U.S. v. Justin Michael ISAAC 2:18cr158
>
> How about the 14th at 10?  That's good for the parties.  Please schedule.  Thank you.
>
> ## Darryl J. Mitchell
> ## Assistant United States Attorney
>
> **From:** Lisa Woodcock <Lisa_Woodcock@vaed.uscourts.gov>
> **Sent:** Wednesday, July 24, 2019 10:16 AM
> **To:** Mitchell, Darryl (USAVAE) <DMitchell@usa.doj.gov>; Cristi Dodge
> <Cristi_Dodge@vaed.uscourts.gov>; Julie Jones <Julie_Jones@vaed.uscourts.gov>
> **Cc:** Brian M. Latuga <blatuga@wolriv.com>
> **Subject:** RE: U.S. v. Justin Michael ISAAC 2:18cr158
>
> The Court has August 14 or August 16 from 9:30 to 12:00 on both days.
>
>
> **From:** Mitchell, Darryl (USAVAE) <Darryl.Mitchell@usdoj.gov>
> **Sent:** Wednesday, July 24, 2019 10:05 AM
> **To:** Cristi Dodge <Cristi_Dodge@vaed.uscourts.gov>; Lisa Woodcock
> <Lisa_Woodcock@vaed.uscourts.gov>; Julie Jones <Julie_Jones@vaed.uscourts.gov>



**Brian M. Latuga**

| | |
|---|---|
| **From:** | Mitchell, Darryl (USAVAE) <Darryl.Mitchell@usdoj.gov> |
| **Sent:** | Monday, August 5, 2019 12:56 PM |
| **To:** | Brian M. Latuga |
| **Subject:** | RE: Isaac |

Tomorrow is good.

**Darryl J. Mitchell**
**Assistant United States Attorney**

**From:** Brian M. Latuga <blatuga@wolriv.com>
**Sent:** Monday, August 05, 2019 12:55 PM
**To:** Mitchell, Darryl (USAVAE) <DMitchell@usa.doj.gov>
**Subject:** Isaac

Please let me know times when you're available for a call and to go over SOF and possible solutions for workable plea. Thank you.

**Brian M. Latuga**
*Attorney at Law*
**W O L C O T T | R I V E R S | G A T E S**
200 Bendix Road, Suite 300
Virginia Beach, VA 23452
O: (757) 497-6633 | D: (757) 687-3657 | F: (757) 497-7267 | blatuga@wolriv.com
www.wolcottriversgates.com

NOTICE TO THE DEBTOR: Please be advised that this law firm is a debt collector and this communication is an attempt to collect a debt. Any information obtained may be used for that purpose.

NOTICE: This communication is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under federal, state or local tax law or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

NOTICE: This message originates from the law firm of Wolcott Rivers Gates. The message and any file transmitted with it may contain confidential information which may be subject to the attorney-client privilege, or otherwise protected against unauthorized use. The information contained in this message and any file transmitted with it is transmitted in this form based on a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413. Any disclosure, distribution, copying or use of the information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. Please notify the sender immediately by replying to this e-mail if you have received this e-mail by mistake and delete this e-mail as well as the original email from your system. All attachments are believed to be free of viruses, but any attachments should be checked for viruses before being opened. Any views, opinions or personal messages presented in this email are solely those of the sender and are not attributable to Wolcott Rivers Gates. Wolcott Rivers Gates will not accept any



**Brian M. Latuga**

| | |
|---|---|
| **From:** | Mitchell, Darryl (USAVAE) <Darryl.Mitchell@usdoj.gov> |
| **Sent:** | Thursday, August 8, 2019 2:05 PM |
| **To:** | 'Mary_Beth_Kopso@vaed.uscourts.gov' |
| **Cc:** | Brian M. Latuga |
| **Subject:** | U..S. v. Justin Michael ISAAC 2:18CR158 |

Mary Beth,  This plea hearing is scheduled for next Wednesday.  I apologize for not having provided you with the relevant documents.

There are certain outstanding issues between the government and the defendant that counsel needs to review with the defendant.

I believe that is happening today.  As soon as the details are finalized, I will forward the documents to you.

Again, I apologize.  Thank you.

**Darryl J. Mitchell**
**Assistant United States Attorney**
**United States Attorney's Office**
**101 W. Main Street, Suite 8000**
**Norfolk, VA 23510**
**Phone: (757) 441-6331**
**Fax: (757) 441-6689**
**Email: Darryl.Mitchell@usdoj.gov**

C7

## Brian M. Latuga

**From:** Brian M. Latuga
**Sent:** Thursday, August 8, 2019 5:00 PM
**To:** Mitchell, Darryl (USAVAE)
**Subject:** RE: Before I meet with Isaac tomorrow

Darryl,

Left you a voicemail. Let's chat. Made some headway, but perhaps not the direction you wish it would go. Hopefully we can resolve the issue.

Cell-█████████
Work direct- 687-3657

Brian

**Brian M. Latuga**
*Attorney at Law*
**W O L C O T T | R I V E R S | G A T E S**
200 Bendix Road, Suite 300
Virginia Beach, VA 23452
O: (757) 497-6633 | D: (757) 687-3657 | F: (757) 497-7267 | blatuga@wolriv.com
www.wolcottriversgates.com

**From:** Mitchell, Darryl (USAVAE) <Darryl.Mitchell@usdoj.gov>
**Sent:** Thursday, August 8, 2019 1:56 PM
**To:** Brian M. Latuga <blatuga@wolriv.com>
**Subject:** RE: Before I meet with Isaac tomorrow

In terms of corroboration, I would again point to the intercepted calls and text messages in the statement of facts which, I think, clearly establish that your client wanted Davis to accept heroin from him.

Question: If you client had heroin available to Davis but was never successful in getting Davis to accept any (save for the 20-30 grams you reference) WHY, in light of their long-established relationship, would your client continue to push something which Davis clearly did not want?

If I worked at Dunkin Donuts, and you came in everyday and ordered a bagel and nothing else, (for a year), why would I keep asking you if you wanted a donut?

**Darryl J. Mitchell**
**Assistant United States Attorney**

**From:** Brian M. Latuga <blatuga@wolriv.com>
**Sent:** Wednesday, August 07, 2019 2:11 PM
**To:** Mitchell, Darryl (USAVAE) <DMitchell@usa.doj.gov>
**Subject:** Before I meet with Isaac tomorrow

1

Going back tomorrow. Hopefully I'll get somewhere- however, if I don't then please try to think of some creative options. I see the options (apparent from our meeting yesterday)as 1) cooperating fully and debriefing prior to plea; 2) accepting it where it is (assuming a refreshed recollection) or 3) trial. Obviously I don't know that any are particularly good. Any other idea? Again, any objection at the plea would raise a potential court rejection, and objection later may fly in the face of the plea.

I do have an inquiry that may help with my side. I have heard before that these cases generally have at least another individual witness to corroborate your main one (I.e.- Davis). Is there anyone else that can corroborate that Isaac sold heroin (specifically) to Davis? I understand there is talk of it, but I don't recall seeing in my paperwork any other corroborating testimony for that part of the conspiracy.

Thanks much.

Brian

Sent from my iPhone

**Brian M. Latuga**
*Attorney at Law*
**W O L C O T T | R I V E R S | G A T E S**
200 Bendix Road, Suite 300
Virginia Beach, VA 23452
O: (757) 497-6633 | D: (757) 687-3657 | F: (757) 497-7267 | blatuga@wolriv.com
www.wolcottriversgates.com

NOTICE TO THE DEBTOR: Please be advised that this law firm is a debt collector and this communication is an attempt to collect a debt. Any information obtained may be used for that purpose.

NOTICE: This communication is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under federal, state or local tax law or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

NOTICE: This message originates from the law firm of Wolcott Rivers Gates. The message and any file transmitted with it may contain confidential information which may be subject to the attorney-client privilege, or otherwise protected against unauthorized use. The information contained in this message and any file transmitted with it is transmitted in this form based on a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413. Any disclosure, distribution, copying or use of the information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. Please notify the sender immediately by replying to this e-mail if you have received this e-mail by mistake and delete this e-mail as well as the original email from your system. All attachments are believed to be free of viruses, but any attachments should be checked for viruses before being opened. Any views, opinions or personal messages presented in this email are solely those of the sender and are not attributable to Wolcott Rivers Gates. Wolcott Rivers Gates will not accept any liability in respect of such communication for any damages or other liability arising from such views, opinions or personal messages.

## Brian M. Latuga

| | |
|---|---|
| **From:** | Mitchell, Darryl (USAVAE) <Darryl.Mitchell@usdoj.gov> |
| **Sent:** | Sunday, August 11, 2019 12:48 PM |
| **To:** | Brian M. Latuga |
| **Subject:** | Re: Isaac |

Please call me at ███████ Thanks.

Sent from my iPhone

On Aug 11, 2019, at 12:40 PM, Brian M. Latuga <blatuga@wolriv.com> wrote:

I see him on Monday at 1230 for contact visit. Thoughts on stip/ plea/ sealed docs? I don't know that the two remaining days before the plea hearing is going to be enough time given the current status. May be best to move it a week. I have court Monday morning and I doubt we'll have time to iron this out during that time, and before 11:30 when I need to drive there.

Also, referring to Sommerville's SOF… here are the parts I was referring to that don't make complete sense if Davis 1) can't get rid of Unc, and 2) had a package sitting in his place from Sept. 12 through his arrest date.

p.6, Para. 8 - They're talking about getting a price down from $30k to $28k. All the conversation on Sept. 12 are about cocaine, through the evening.

p.7-8, Para. 9 – Sommerville asks what Davis wants to do with Unc. Davis wants to go with Sommerville and asks for 100 grams. The interpretations says **Davis wanted 100 grams** from a quantity that Sommerville had recently purchased.

p. 9, Para. 12 – Stennett advises Davis he doesn't have any Unc available to sell Davis (Davis is seeking more)

p. 11-12, Para. 15 – Sommerville advises Davis he needs an 8-ball; Davis says "No, [expl] I gotta, I'm, I'm, I'm uh, I gotta, I gotta wait 'cause I got a pound…'cause he ain't mean to bring the extra the next one (1). He had misheard me, he just left it with me." Davis supplied Sommerville with a quantity of Heroin.

p. 14, Para 18 – Davis agrees to obtain 150g Heroin for Sommerville.

p. 15, Para 19- September 24, 2018…. Davis tells Sommerville that "folk" was **about to deliver** Heroin.

p. 15, Para. 20 – Sommerville is talking to Davis about this **NEW heroin** that Davis bought and how different it is. **(Not the same heroin he had been getting before and not from the same package)**

p. 16, Para. 21 – Davis talking to Sommerville about the Heroin that they just received and his subsequent conversation with that supplier – asking for the lighter stuff next time… and Sommerville tells Davis to have the guy mix it.

**Brian M. Latuga**
*Attorney at Law*
**W O L C O T T | R I V E R S | G A T E S**
200 Bendix Road, Suite 300
Virginia Beach, VA 23452
O: (757) 497-6633  |  D: (757) 687-3657  |  F: (757) 497-7267  |  blatuga@wolriv.com

**Brian M. Latuga**

| | |
|---|---|
| **From:** | Brian M. Latuga |
| **Sent:** | Sunday, August 11, 2019 1:21 PM |
| **To:** | Mitchell, Darryl (USAVAE) |
| **Subject:** | Re: Isaac |

Darryl,

Yes, I can't imagine a reason he would not accept pursuant to the ultimate understandings we have discussed.

Thank you,

Brian

> On Aug 11, 2019, at 1:08 PM, Mitchell, Darryl (USAVAE) <Darryl.Mitchell@usdoj.gov> wrote:
>
> Brian, I think we're on the same page. I need complete assurance that your client will accept the offer I've proposed before I take it to my supervisor.
>
> Sent from my iPhone
>
> On Aug 11, 2019, at 12:40 PM, Brian M. Latuga <blatuga@wolriv.com> wrote:
>
>> I see him on Monday at 1230 for contact visit. Thoughts on stip/ plea/ sealed docs? I don't know that the two remaining days before the plea hearing is going to be enough time given the current status. May be best to move it a week. I have court Monday morning and I doubt we'll have time to iron this out during that time, and before 11:30 when I need to drive there.
>>
>> Also, referring to Sommerville's SOF... here are the parts I was referring to that don't make complete sense if Davis 1) can't get rid of Unc, and 2) had a package sitting in his place from Sept. 12 through his arrest date.
>>
>> p.6, Para. 8 - They're talking about getting a price down from $30k to $28k. All the conversation on Sept. 12 are about cocaine, through the evening.
>> p.7-8, Para. 9 – Sommerville asks what Davis wants to do with Unc. Davis wants to go with Sommerville and asks for 100 grams. The interpretations says **Davis wanted 100 grams** from a quantity that Sommerville had recently purchased.
>> p. 9, Para. 12 – Stennett advises Davis he doesn't have any Unc available to sell Davis (Davis is seeking more)
>> p. 11-12, Para. 15 – Sommerville advises Davis he needs an 8-ball; Davis says "No, [expl] I gotta, I'm, I'm, I'm uh, I gotta, I gotta wait 'cause I got a pound...'cause he ain't mean to bring the extra the next one (1). He had misheard me, he just left it with me." Davis supplied Sommerville with a quantity of Heroin.
>> p. 14, Para 18 – Davis agrees to obtain 150g Heroin for Sommerville.
>> p. 15, Para 19- September 24, 2018.... Davis tells Sommerville that "folk" was **about to deliver** Heroin.

p. 15, Para. 20 – Sommerville is talking to Davis about this **NEW heroin** that Davis bought and how different it is. **(Not the same heroin he had been getting before and not from the same package)**

p. 16, Para. 21 – Davis talking to Sommerville about the Heroin that they just received and his subsequent conversation with that supplier – asking for the lighter stuff next time... and Sommerville tells Davis to have the guy mix it.

**Brian M. Latuga**
*Attorney at Law*
**W O L C O T T | R I V E R S | G A T E S**
200 Bendix Road, Suite 300
Virginia Beach, VA 23452
O: (757) 497-6633  |  D: (757) 687-3657  |  F: (757) 497-7267
| blatuga@wolriv.com
www.wolcottriversgates.com

NOTICE TO THE DEBTOR: Please be advised that this law firm is a debt collector and this communication is an attempt to collect a debt. Any information obtained may be used for that purpose.

NOTICE: This communication is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under federal, state or local tax law or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

NOTICE: This message originates from the law firm of Wolcott Rivers Gates. The message and any file transmitted with it may contain confidential information which may be subject to the attorney-client privilege, or otherwise protected against unauthorized use. The information contained in this message and any file transmitted with it is transmitted in this form based on a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99–413. Any disclosure, distribution, copying or use of the information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. Please notify the sender immediately by replying to this e-mail if you have received this e-mail by mistake and delete this e-mail as well as the original email from your system. All attachments are believed to be free of viruses, but any attachments should be checked for viruses before being opened. Any views, opinions or personal messages presented in this email are solely those of the sender and are not attributable to Wolcott Rivers Gates. Wolcott Rivers Gates will not accept any liability in respect of such communication for any damages or other liability arising from such views, opinions or personal messages.

**Brian M. Latuga**
*Attorney at Law*
**W O L C O T T | R I V E R S | G A T E S**
200 Bendix Road, Suite 300
Virginia Beach, VA 23452
O: (757) 497-6633  |  D: (757) 687-3657  |  F: (757) 497-7267  |  blatuga@wolriv.com
www.wolcottriversgates.com



**Brian M. Latuga**

| | |
|---|---|
| **From:** | Mitchell, Darryl (USAVAE) <Darryl.Mitchell@usdoj.gov> |
| **Sent:** | Monday, August 12, 2019 4:19 PM |
| **To:** | Brian M. Latuga |
| **Subject:** | ISAAC |

Brian,  The offer we discussed has been approved.  Please make sure your client understands that this does not mean the government is agreeing with his position that no heroin (or very little heroin) was involved.  The probation officer will undoubtedly attribute your client with the heroin (in the PSR) he objects to and you will have to decide whether it makes sense to object.  Also, the government is not agreeing that it won't oppose acceptance in the event your client makes substantive objections to the PSR.

I am working on the SOF.  I have had to beef it up some, based on all the deletions you requested.  I hope you won't have to my new additions.

**Darryl J. Mitchell**
**Assistant United States Attorney**
**United States Attorney's Office**
**101 W. Main Street, Suite 8000**
**Norfolk, VA 23510**
**Phone: (757) 441-6331**
**Fax: (757) 441-6689**
**Email: Darryl.Mitchell@usdoj.gov**

**Brian M. Latuga**

| | |
|---|---|
| **From:** | Rainey, Kristen (USAVAE) <Kristen.Rainey@usdoj.gov> |
| **Sent:** | Monday, August 26, 2019 1:10 PM |
| **To:** | Brian M. Latuga |
| **Cc:** | Mitchell, Darryl (USAVAE) |
| **Subject:** | Justin Isaac transportation order |
| **Attachments:** | Isaac Transportation Order.pdf |

*Sent on behalf of AUSA Mitchell*

Mr. Latuga
Please review and sign the attached transportation order and return to USAO for AUSA Mitchell's
signature.
Thank you

**Kristen Rainey**
Legal Assistant
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Phone: (757) 441-3126
Fax: (757) 441-6689
Email: kristen.rainey@usdoj.gov

**Brian M. Latuga**

| | |
|---|---|
| **From:** | Heather Lyall |
| **Sent:** | Wednesday, August 28, 2019 9:37 AM |
| **To:** | 'Kristen.Rainey@usdoj.gov' |
| **Cc:** | Brian M. Latuga |
| **Subject:** | RE: Justin Isaac transportation order |
| **Attachments:** | Isaac08282019Transportation.Order.pdf |
| | |
| **Importance:** | High |

Good morning Ms. Rainey,

Attached please find the signed transportation order. The original is being mailed to you today. Let us know if you need anything else.

Kind regards,

**Jessica Chiari on behalf of Heather Y Lyall**
*Legal Assistant to Brian M Latuga, Esq.*
**W O L C O T T | R I V E R S | G A T E S**
200 Bendix Road, Suite 300
Virginia Beach, VA 23452
O: (757) 497-6633  |  D: (757) 687-3624  |  F: (757) 687-3655  |  hlyall@wolriv.com
www.wolcottriversgates.com

**Attention Clients!**
You can now make a payment to your account through our website using the 'Make a Payment' link at the top of the page. *Click here* to make a payment.

NOTICE TO THE DEBTOR: Please be advised that this law firm is a debt collector and this communication is an attempt to collect a debt. Any information obtained may be used for that purpose.

NOTICE: This communication is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under federal, state or local tax law or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

NOTICE: This message originates from the law firm of Wolcott Rivers Gates. The message and any file transmitted with it may contain confidential information which may be subject to the attorney-client privilege, or otherwise protected against unauthorized use. The information contained in this message and any file transmitted with it is transmitted in this form based on a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413. Any disclosure, distribution, copying or use of the information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. Please notify the sender immediately by replying to this e-mail if you have received this e-mail by mistake and delete this e-mail as well as the original email from your system. All attachments are believed to be free of viruses, but any attachments should be checked for viruses before being opened. Any views, opinions or personal messages presented in this email are solely those of the sender and are not attributable to Wolcott Rivers Gates. Wolcott Rivers Gates will not accept any liability in respect of such communication for any damages or other liability arising from such views, opinions or personal messages.

**Brian M. Latuga**

| | |
|---|---|
| **From:** | Brittney Boyd <Brittney_Boyd@vaed.uscourts.gov> |
| **Sent:** | Wednesday, September 4, 2019 4:06 PM |
| **To:** | Brian M. Latuga |
| **Subject:** | USA v Issac 2:18cr158 |
| **Attachments:** | take out order.pdf |

Good afternoon,

Attached is a copy of an Order as to Justin Issac.

Thank you,

**Brittney Boyd**
Case Manager
U. S. District Court – EDVA
600 Granby Street
Norfolk, VA 23510
757-222-7242 (tel)

## Brian M. Latuga

| | |
|---|---|
| **From:** | Brian M. Latuga |
| **Sent:** | Wednesday, November 6, 2019 6:10 PM |
| **To:** | Mitchell, Darryl (USAVAE) |
| **Subject:** | RE: ISAAC |

Thank you Darryl,

A couple questions.

1) Will you be present at the debrief? I only ask because I will be setting it up with Eric Jones.
2) What is your interpretation of paragraph 4 (begins with "Third, the United States...") regarding derivative use? It seems to me that the purpose is to bypass a *kastigar*-type hearing and simply permit the information to be used – and if it uncovers some other criminal activity that the united states wants to pursue then the US may prosecute my client for those things. However, even if that later prosecution were to occur, brought in-part by information obtained from my client, his statements from his proffer would still not be introduced as under Paragraph 3 (beginning with "Second, except as provided..."). Am I tracking correctly?

Thank you sir. I will be meeting with you soon to review the proffer and the PSR. I will have an interview scheduled for immediately thereafter.

Brian

**Brian M. Latuga**
*Attorney at Law*
**W O L C O T T | R I V E R S | G A T E S**
200 Bendix Road, Suite 300
Virginia Beach, VA 23452
O: (757) 497-6633  |  D: (757) 687-3657  |  F: (757) 497-7267  |  blatuga@wolriv.com
www.wolcottriversgates.com

**From:** Mitchell, Darryl (USAVAE) <Darryl.Mitchell@usdoj.gov>
**Sent:** Thursday, October 31, 2019 10:55 AM
**To:** Brian M. Latuga <blatuga@wolriv.com>
**Cc:** Jones, Eric R <Eric.R.Jones@ice.dhs.gov>
**Subject:** ISAAC

Brian, I'm contacting you to set up a debriefing of Isaac.  His sentencing is scheduled for December 19.

Isaac didn't agree to cooperate in his plea agreement, but it's my understanding that he would be willing to be debriefed under a proffer agreement in order to satisfy Safety Valve factor 5: not later than the time of the sentencing hearing, the defendant has truthfully provided to the government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan.......... U.S.S.G. §5C1.2.

Please find attached an endorsed copy of our standard proffer letter.

Please contact SA Eric Jones to arrange the debriefing.  Eric's phone number is 757-449-4263.  Eric has a copy of the transportation order.  Thanks.

**Brian M. Latuga**

| | |
|---|---|
| **From:** | Mitchell, Darryl (USAVAE) <Darryl.Mitchell@usdoj.gov> |
| **Sent:** | Monday, December 2, 2019 4:07 PM |
| **To:** | Brian M. Latuga |
| **Subject:** | RE: ISAAC |

I haven't responded yet. They are waiting for me to respond. I am going to oppose your motion.

**Darryl J. Mitchell**
**Assistant United States Attorney**

**From:** Brian M. Latuga <blatuga@wolriv.com>
**Sent:** Monday, December 02, 2019 4:02 PM
**To:** Mitchell, Darryl (USAVAE) <DMitchell@usa.doj.gov>
**Cc:** Jones, Eric R <Eric.R.Jones@ice.dhs.gov>
**Subject:** RE: ISAAC

Darryl,

Sorry for the delay. I've been in trial all day.

Let's cancel the debrief so that we can have the withdrawal addressed first. I am sorry about the inconvenience.

Have you heard back from the Courtroom Deputy regarding a date/ time for the withdrawal motion? I didn't see any e-mails.

Thank you sir,

Brian

**Brian M. Latuga**
*Attorney at Law*
**W O L C O T T | R I V E R S | G A T E S**
200 Bendix Road, Suite 300
Virginia Beach, VA 23452
O: (757) 497-6633 | D: (757) 687-3657 | F: (757) 497-7267 | blatuga@wolriv.com
www.wolcottriversgates.com

**From:** Mitchell, Darryl (USAVAE) <Darryl.Mitchell@usdoj.gov>
**Sent:** Monday, December 2, 2019 11:07 AM
**To:** Brian M. Latuga <blatuga@wolriv.com>
**Cc:** Jones, Eric R <Eric.R.Jones@ice.dhs.gov>
**Subject:** ISAAC

Brian, I see you filed a motion to withdraw as Isaac's counsel last week.   Eric advises me that you have a debriefing of Isaac scheduled for tomorrow.

Do you intend to go forward with the debriefing? Are you cancelling? Please give us an update. Thank you.

1

Wells Fargo

Exhibit D

Page 1 of 3

Skip to main content

EVERYDAY
CHECKING
...5277

$4,018.47
Available balance

Activity Summary

| | |
|---|---|
| Current posted balance | $4,103.57 |
| Pending withdrawals/debits | -$85.10 |
| Pending deposits/credits | $0.00 |
| Available balance | $4,018.47 |

Monthly Service Fee Summary |Debit Card Activity

## Activity

First
Previous
Next

| Date | Description | Deposits/Credits | Withdrawals/Debits |
|---|---|---|---|
| Pending Transactions | | | |
| No pending transactions to view. | | | |
| Posted Transactions | | | |
| 08/14/18 | TRANSFER FROM ANTONELLA MARIA BARBA ON 08/14 REF # JPM171256257 ETHAN CARTER MUSIC INC. MOVE ON RECORD | $2,000.00 | |
| 08/10/18 | TRANSFER FROM ANTONELLA MARIA BARBA ON 08/10 REF # JPM170536980 ORIGINAL MEMO HAS BEEN MODIFI | $2,000.00 | |
| 08/07/18 | TRANSFER FROM ANTONELLA MARIA BARBA ON 08/07 REF # JPM170152157 | $2,000.00 | |
| 08/06/18 | ONLINE TRANSFER FROM ETHAN CARTER MUSIC INC BUSINESS CHECKING XXXXXX9174 REF #IB04XVKFCD ON 08/06/18 | $60.00 | |
| 08/06/18 | TRANSFER FROM ANTONELLA MARIA BARBA ON 08/06 REF # JPM170064128 | $2,000.00 | |
| 08/03/18 | ONLINE TRANSFER FROM ETHAN CARTER MUSIC INC BUSINESS | $100.00 | |
| Totals | | $46,284.20 | $0.00 |

Exhibit

G

## Brian M. Latuga

**From:** Leah Greathouse <Leah_Greathouse@vaep.uscourts.gov>
**Sent:** Thursday, November 7, 2019 5:34 PM
**To:** Brian M. Latuga; Darryl  Mitchell (Darryl.Mitchell@usdoj.gov)
**Subject:** Justin Isaac PSR

Hello gentlemen,

Isaac's PSR was filed yesterday. However, while working on Dante Davis's offense conduct, I discovered an interview with Davis dated 9/28/18 that puts more drug weight on Isaac. I will be filing a new information in the next few days but I just wanted to give you a heads up.

*Leah D. Greathouse*
**Senior United States Probation Officer**
**Safety Specialist**
**Eastern District of Virginia**
**(757) 222-7411**

February 14th 2021

MR. Darryl Mitchell,

From the time I was arrested and through every meeting with Brian Latuga I carefully laid out the true facts of the case. Let me be absolute when I say I am not proud of some of the decisions that came to me in life. When it struck me, the quote "Failure is a family tradition" somewhat plagued me for most of my time and thoughts. Jefferson surely intended to make one think "change". Available methods are scarce if not none apparent when your inside the game of life. If you've ever played chess your sure to know that you can see easier being a bystander what should be done; than the person right infront the board, who is poised with indecision. Possibly even your favorite sport or hobby may share the same rule. From my temporarily blinded position I offer the United States of America and you my deepest apology, and seek forgiveness for I am not your enemy of the past, present of future. I see only room for clarity.

There is a level of total disregard for the truth that can happen when your arrested on the legal periphery of a drug conspiracy, along with illustrations of betrayal. It is clear I was duped by Pleading in order to get the Safety Valve. I was on track and showed my commitment as agreed and instructed by counsel and government. From the emails I see all parties were absolutely aware of this standpoint. I am not here to burden you or the courts time, I ask that you please compassionately cure our first Safety Valve arrangemen

There is also very disturbing behavior that I will address at the appropriate time that concerns what was to be presented and solidified at my sentencing and prior to. Right now however I am pleading to your position of power to honor what I intended to execute knowing fully and honestly you were aware of the existing parameters and intent. You have your conviction. please do not let the lies, betrayal and mendacity influence my sentence.

Blessings

Justin Isaac
Justin Isaac
CR00158-AWA-DEM

E pg 6 of 6

33   Virginia Beach Special Investigations Confidential Informant #104 (CI #104) provided criminal information that has been verified as true and accurate and made statements against his penal interests. CI #104 has cooperated with law enforcement in the past and assisted in successful narcotics investigations.

34   Dante Davis provided criminal information that has been verified as true and accurate and made statements against his penal interests.  Davis has cooperated with law enforcement in the past and assisted in successful narcotics investigations.



**U.S. Department of Justice**

Federal Bureau of Prisons

*Federal Correctional Complex-Low*
*3600 Guard Road.*
*Lompoc, California 93436*

## CERTIFICATE OF FUNDS

### IN

### PRISONER'S ACCOUNT

Name: Isaac, Justin          REG#_ 77516-112

Date: 11-16-23          Case#:_____

    I, R. Guava CSW          certify that attached hereto
is a true and correct copy of the prisoner's trust account statement
showing transaction data for the last six months at **Federal
Correctional Institution - Lompoc (Low)** where he is confined.

    I further certify that the average deposits each month to this
prisoner's account for the most recent 6-month period were
$ 935   and the average balance in the prisoner's account each
month for the most recent 6-month period was $ 155 .


R. Gheri CSW
Authorized Officer of the Institution

11-16-23
Date: